*Castro-Perez v. Wilkinson*

BIA
Wright, IJ
A 205 642 201

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> MICHAEL H. PARK,
> *Circuit Judges.*

———————————————————————

FRANCIS ELIZABETH CASTRO-PEREZ,
> *Petitioner*,

v.                                                            No. 18-657

MONTY WILKINSON, Acting United States
Attorney General,
> *Respondent*.[1]

———————————————————————

For Petitioner:               REBECCA R. PRESS, Central American Legal Assistance, Brooklyn, NY.

For Respondent:               SARAH K. PERGOLIZZI, Trial Attorney, Office of Immigration Litigation (Holly M. Smith, Senior Litigation Counsel, Office of Immigration

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Monty Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

Litigation, *on the brief*), *for* Jeffrey Bossert Clark, Acting Assistant Attorney General, U.S. Department of Justice, Washington, DC.

For *Amicus Curiae* Harvard Immigration and Refugee Clinical Program: L. Rachel Lerman, Barnes & Thornburg LLP, Los Angeles, CA; Todd G. Vare, Barnes & Thornburg LLP, Indianapolis, IN.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Francis Elizabeth Castro-Perez, a native and citizen of Honduras, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Francis Elizabeth Castro-Perez,* No. A 205 642 201 (B.I.A. Feb. 14, 2018), *aff'g* No. A 205 642 201 (Immig. Ct. N.Y. City Feb. 24, 2017). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, *i.e.*, minus the denial of asylum as untimely that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

"To establish eligibility for asylum [and withholding of removal], an applicant must show that . . . she is a refugee who has suffered past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, or has a well-founded fear of persecution on one of these grounds." *Aliyev v. Mukasey*, 549 F.3d 111, 116 (2d Cir. 2008).[2] A

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

"refugee" is "any person who is outside any country of [her] nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail . . . herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of" a protected ground. 8 U.S.C. § 1101(a)(42).

Here, the agency found that Castro-Perez's past harm at the hands of her former partner rose to the level of persecution and that the harm was on account of a protected ground. Accordingly, the only issue before us is whether the agency erred in holding that Castro-Perez failed to demonstrate that Honduran authorities were unable or unwilling to protect her. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (burden on applicant to prove refugee status).

Persecution can be at the hands of the government of the country to which the alien is returnable or "at the hands of an organization or person from which the government cannot or will not protect the alien." *Matter of McMullen*, 17 I. & N. Dec. 542, 545 (B.I.A. 1980). "Private acts can . . . constitute persecution if the government is unable or unwilling to control such actions." *Pan v. Holder*, 777 F.3d 540, 543–44 (2d Cir. 2015). To meet this unwilling-or-unable standard, "an applicant seeking to establish persecution based on the violent conduct of a private actor must show that the government [1] condoned the private actions or [2] at least demonstrated a complete helplessness to protect the victims." *Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020).

We grant the petition for review and remand for the agency to reexamine whether Castro-Perez has demonstrated that the Honduran government was unable or unwilling to protect her from her abusive former partner. In concluding that Castro-Perez failed to meet her burden, the agency relied on, *inter alia*, its finding that the Honduran police had accepted her three complaints and issued a protective order in response to the first complaint. As further support for its conclusion, the agency also found that "[w]hen [Castro-Perez's] former partner continued to harass her, the police issued a capture order for his arrest" for violating the terms of the protective order. Certified Admin. Record 4. However, the record evidence does not support the agency's finding

that a capture order was issued; rather, the evidence shows that Castro-Perez visited the police station three times to have the police issue such an order but did not receive assistance.   Because this significant error concerned a dispositive issue—*i.e.*, whether the Honduran government had already issued a capture order or was ignoring Castro-Perez's request for one—we cannot be confident that substantial evidence supports the agency's decision, and we grant the petition so that the agency can exclude this erroneous finding and reexamine whether Castro-Perez has made the required showing that the Honduran government was unable or unwilling to protect her.[3]

Because remand is warranted for the agency to consider whether Castro-Perez established past persecution (harm that the government could not control), we do not reach her CAT claim as it may be affected by the agency's further consideration consistent with the above and the Honduran government's ability to control her abuser.   *See Scarlett*, 957 F.3d at 336 (remanding, in part, for agency to consider how inability to protect "might translate to identifying government acquiescence in torture under the CAT"); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.   All pending motions and applications are **DENIED** as moot and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3]   The government failed to address this error in its papers, and at oral argument questioned whether there was an error at all before conceding that it may warrant further consideration by the agency.